21-985-cr
United States v. Vaughan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand twenty-two.

PRESENT:   ROSEMARY S. POOLER,
                      RAYMOND J. LOHIER, JR.,
                      ALISON J. NATHAN,
                                 *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                                              No. 21-985-cr

BRENDAN VAUGHAN,

        *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: Michael K. Burke, Hodges Walsh & Burke, LLP, White Plains, NY

FOR APPELLEE: Sam Adelsberg, Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Brendan Vaughan appeals from an April 19, 2021 judgment of conviction entered by the United States District Court for the Southern District of New York (Karas, J.) after a guilty plea to three counts of transmitting a threat in interstate commerce, in violation of 18 U.S.C. § 875(c). The charges stemmed from three messages that Vaughan sent to his high school classmates threatening a school shooting. After holding an evidentiary hearing during which expert witnesses testified about Vaughan's mental health, the District Court imposed an above-

Guidelines sentence of 60 months' imprisonment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Vaughan challenges his sentence as procedurally and substantively unreasonable. We review a sentence for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." United States v. Castillo, 896 F.3d 141, 148 (2d Cir. 2018) (quotation marks omitted); see Gall v. United States, 552 U.S. 38, 41 (2007). As relevant here, "[t]he procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the [18 U.S.C. § 3553(a)] factors," while "the substantive inquiry assesses the length of the sentence imposed in light of [those] factors." Castillo, 896 F.3d at 148 (quotation marks omitted). "In reviewing a sentence, we will not overturn the district court's findings of fact unless they are clearly erroneous." United States v. Norman, 776 F.3d 67, 76 (2d Cir. 2015).

Vaughan argues that his sentence was procedurally unreasonable because the District Court failed to "consider [a]utism as a mitigating factor" in conducting its analysis under Section 3553(a). Appellant's Br. 12. This argument

3

is belied by the record. The District Court listened to three days of testimony regarding Vaughan's mental health and discussed autism, among other diagnoses. See App'x 676–81. Ultimately, the District Court concluded that "the seriousness of the criminal conduct, the[] [risk of] future danger, [and] the impact to the victims and to the community," id. at 685, weighed in favor of a 60-month sentence. To the extent that Vaughan argues that the District Court should have placed greater emphasis on his autism diagnosis, we decline to disturb the District Court's weighing of the Section 3553(a) factors, which was firmly committed to its discretion. See United States v. Capanelli, 479 F.3d 163, 165 (2d Cir. 2007) (per curiam).

Vaughan also contests the District Court's assessment of the expert testimony presented in an evidentiary hearing conducted pursuant to United States v. Fatico, 603 F.2d 1053 (2d Cir. 1979). He maintains that the District Court should have discounted the testimony of Dr. Sarah Klagsbrun, a psychiatrist who treated Vaughan and diagnosed him with antisocial personality disorder in addition to autism. We are not persuaded. The District Court offered compelling reasons for crediting Dr. Klagsbrun's testimony, including her

credentials, the fact that she appeared "highly credible," and the fact that, unlike the defense's experts, "she had a chance to observe Mr. Vaughan over a period of" many months. App'x 678; see id. at 679 (noting that one of Vaughan's expert witnesses "spent only three hours with Mr. Vaughan"). We decline to second-guess the District Court's assessment of Dr. Klagsbrun's credibility, which is entitled to "special deference." See United States v. Beverly, 5 F.3d 633, 642 (2d Cir. 1993). On a related note, Vaughan also suggests that the District Court did not adequately consider the expert report submitted by Dr. Kate Termini, a defense witness. In fact, the District Court reviewed Dr. Termini's report "a couple of times," but determined that "Dr. Klagsbrun was in the best position of the [experts] to evaluate Mr. Vaughan." App'x 677. That determination is entitled to substantial deference, and we identify no error in it. See Norman, 776 F.3d at 78.

Vaughan argues that his sentence was substantively unreasonable because it failed to account for his "immediate need for mental health treatment" and "years of bullying." Appellant's Br. 10. This argument likewise finds no support in the record. In evaluating the Section 3553(a) factors, the District Court

acknowledged both "that Mr. Vaughan's mental health history [was] at the forefront of the analysis" and that there was "no question Mr. Vaughan was born with certain features that led to him being bullied." App'x 675–76. It nevertheless concluded that an above-Guidelines sentence was warranted in view of the seriousness of Vaughan's conduct, which included threatening his classmates, researching how to get a gun, putting together a "kill list," telephoning the Assistant United States Attorney assigned to his case "and blurt[ing] out his wife's maiden name," and generally exhibiting "an overall fascination with school shooters." Id. at 681–86. The District Court also emphasized the need for the sentence to promote respect for the law. See id. at 684 ("People can't think they can make those types of threatening statements and there not be a serious consequence."). We "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Norman, 776 F.3d at 86 (quotation marks and emphasis omitted). This is not such a case, and the District Court's decision to impose an above-Guidelines sentence was within its discretion.

6

We have considered Vaughan's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court